**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

AMERICAN INTERNATIONAL GROUP, INC.,

                     *Plaintiff*,

                  - against -

PACIFIC INVESTMENT MANAGEMENT
COMPANY LLC, et al.,

                   *Defendants*.

Case No. 15-CV-03339 (PAC)

---

## MEMORANDUM OF LAW IN OPPOSITION
## TO PIMCO'S MOTION TO DISMISS

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000 (tel)
(212) 310-8007 (fax)

*Attorneys for Plaintiff American*
*International Group, Inc.*

July 31, 2015

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ...................................................................................................3

    A.    The Class Action.................................................................................................3

    B.    The Opt-Out Actions..........................................................................................6

    C.    PIMCO's California Action................................................................................7

ARGUMENT .......................................................................................................................9

I.    THIS COURT IS THE PROPER FORUM TO DECIDE THE FEDERAL
    QUESTION AT ISSUE ...............................................................................................10

II.    ADJUDICATING THIS ACTION WILL SERVE A USEFUL PURPOSE AND
    RESOLVE THE CONTROVERSY ...........................................................................15

III.    A DECLARATORY JUDGMENT WILL PROMOTE EQUITY BY ENSURING
    CONSISTENT RESOLUTION OF THE OPT-OUT ACTIONS...................................18

CONCLUSION....................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Stephan Co.*,
    1996 WL 551708 (S.D.N.Y. Sept. 26, 1996)........................................................................12

*Am. Pipe & Constr. Co. v. Utah*,
    414 U.S. 538 (1974)........................................................................................ *passim*

*Amusement Indus., Inc. v. Stern*,
    693 F. Supp. 2d 301 (S.D.N.Y. 2010)........................................................................18

*Apotex Inc. v. Sanofi-Synthelabo*,
    386 F. Supp. 2d 549 (S.D.N.Y. 2005), *aff'd,* 175 F. App'x 349 (Fed. Cir. 2006)..................13

*Bergemann v. Rhode Island Dep't of Envtl. Mgmt.*,
    665 F.3d 336 (1st Cir. 2011) ....................................................................................12

*Brown v. Stone*,
    66 F. Supp. 2d 412 (E.D.N.Y. 1999) .........................................................................16

*Bruh v. Bessemer Venture Partners III L.P.*,
    2005 WL 2087803 (S.D.N.Y. Aug. 29, 2005), *aff'd*, 464 F.3d 202 (2d Cir. 2006) ...............17

*Camofi Master LDC v. Coll. P'ship, Inc.*,
    452 F. Supp. 2d 462 (S.D.N.Y. 2006)........................................................................18

*Carlin Equities Corp. v. Offman*,
    2008 WL 4387328 (S.D.N.Y. Sept. 24, 2008)...........................................................17

*Catlin Specialty Ins. Co. v. Plato Const. Corp.*,
    2012 WL 924850 (D.N.J. Mar. 19, 2012).................................................................13

*Cephalon, Inc. v. Travelers Companies, Inc.*,
    935 F. Supp. 2d 609 (S.D.N.Y. 2013)........................................................................13

*CTS Corp. v. Waldburger*,
    134 S. Ct. 2175 (2014)..............................................................................................15

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
    411 F.3d 384 (2d Cir. 2005)..........................................................................9, 15, 17

*Factors Etc., Inc. v. Pro Arts, Inc.*,
    579 F.2d 215 (2d Cir. 1978)......................................................................................13

*In re Fannie Mae 2008 Sec. Litig.*,
   2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009) ...................................................8, 14

*Farrell Lines Inc. v. Columbus Cello-Poly Corp.*,
   32 F. Supp. 2d 118 (S.D.N.Y. 1997), *aff'd sub nom, Farrell Lines Inc. v. Ceres Terminals*
   *Inc.*, 161 F.3d 115 (2d Cir. 1998). ..................................................................16

*First City Nat'l Bank & Trust Co. v. Simmons*,
   878 F.2d 76 (2d Cir. 1989) ...........................................................................13

*Footbridge Ltd. Trust v. Countrywide Fin. Corp.*,
   770 F. Supp. 2d 618 (S.D.N.Y. 2011) ..............................................................17

*Fort Knox Music, Inc. v. Baptiste*,
   47 F. Supp. 2d 481 (S.D.N.Y. 1999) ................................................................17

*Franchise Tax Bd. of State of Cal. v. Contr. Laborers Vacation Trust for S. Cal.*,
   463 U.S. 1 (1983) ......................................................................................10

*Friedman v. Geller*,
   925 F. Supp. 611 (E.D. Wis. 1996) .................................................................12

*Gates Const. Corp. v. Koschak*,
   792 F. Supp. 334 (S.D.N.Y. 1992) .................................................................13

*Great Am. Ins. Co. v. Gross*,
   468 F.3d 199 (4th Cir. 2006) .......................................................................13

*Great Am. Ins. Co. v. Houston Gen. Ins. Co.*,
   735 F. Supp. 581 (S.D.N.Y. 1990) .................................................................13

*Hon Hai Precision Indus. Co. v. Wi-LAN, Inc.*,
   2013 WL 2322675 (S.D.N.Y. May 28, 2013) ....................................................18

*Horowitz v. Am. Int'l Grp., Inc.*,
   2010 WL 3825737 (S.D.N.Y. Sept. 30, 2010), *aff'd,* 498 F. App'x 51 (2d Cir. 2012)...........18

*Hosp. Auth. Of Rockdale Cnty. v. GS Capital Partners V Fund, L.P.*,
   2013 WL 840851 (S.D.N.Y. Mar. 6, 2013) .......................................................18

*Int'l Ass'n of Entrepreneurs of Am. v. Angoff*,
   58 F.3d 1266 (8th Cir. 1995) .......................................................................12

*Intellectual Capital Partner v. Institutional Credit Partners LLC*,
   2009 WL 1974392 (S.D.N.Y. July 8, 2009) ......................................................18

*John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*,
   2011 WL 5245192 (S.D.N.Y. Nov. 2, 2011) .....................................................13

*Kickstarter, Inc. v. ArtistShare, Inc.*,
    2012 WL 1192021 (S.D.N.Y. Apr. 10, 2012)........................................................9

*Kidder, Peabody & Co. v. Maxus Energy Corp.*,
    925 F.2d 556 (2d Cir. 1991)................................................................. *passim*

*In re King Pharm., Inc.*,
    230 F.R.D. 503 (E.D. Tenn. 2004)....................................................................15

*Knox v. Agria Corp.*,
    613 F. Supp. 2d 419 (S.D.N.Y. 2009)...............................................................14

*Kruelski v. Conn. Sup. Ct.*,
    316 F.3d 103 (2d Cir. 2003)..............................................................................12

*Kytel Int'l Grp., Inc. v. Rent A Ctr., Inc.*,
    43 F. App'x 420 (2d Cir. 2002) ........................................................................18

*Luther v. Countrywide Financial Corp.*,
    2009 WL 3271368 (C.D. Cal. Oct. 9, 2009).....................................................14

*Major League Baseball Props., Inc. v. Price*,
    105 F. Supp. 2d 46 (E.D.N.Y. 2000) ................................................................10

*Managing Directors' Long Term Incentive Plan v. Boccella*,
    2015 WL 2130876 (S.D.N.Y. May 6, 2015) .....................................................12

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)........................................................................................9, 18

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Int'l Wire Grp., Inc.*,
    2003 WL 21277114 (S.D.N.Y. June 2, 2003) ..................................................12

*National Cancer Hospital of America v. Webster*,
    251 F.2d 466 (2d Cir. 1958)....................................................................10, 11, 12

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*,
    673 F.3d 84 (2d Cir. 2012)................................................................... *passim*

*P. Stolz Family P'ship L.P. v. Daum*,
    355 F.3d 92 (2d Cir. 2004)................................................................................15

*Pac. Inv. Mgmt. Co. v. Am. Int'l Group, Inc.*,
    2015 WL 3631833 (C.D. Cal. June 10, 2015) ................................................8, 19

iv

*Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013), *cert. granted sub nom. Pub. Emps' Ret. Sys. v. IndyMac MBS,*
    *Inc.*, 134 S. Ct. 1515 (2014) and *cert. dismissed as improvidently granted*, 135 S. Ct. 42
    (2014) ........................................................................................................................ *passim*

*Pub. Employees' Ret. Sys. of Mississippi v. IndyMac MBS, Inc.*,
    135 S. Ct. 42 (2014) ................................................................................................................. 5

*Rovner v. Vonage Holdings Corp.*,
    2007 WL 446658 (D.N.J. Feb. 7, 2007) ............................................................................... 14

*Rubin v. Pixelplus Co.*,
    2007 WL 778485 (E.D.N.Y. Mar. 13, 2007) ....................................................................... 14

*Serv. Emp. Int'l Union v. Cnty. of Los Angeles*,
    225 Cal. App. 3d 761 (Ct. App. 1990) ................................................................................. 19

*SRE Carlsbad, Inc. v. A.L. Lee Corp.*,
    1987 WL 12079 (S.D.N.Y. June 3, 1987) ............................................................................ 13

*Topp-Cola Co. v. Coca-Cola Co.*,
    314 F.2d 124 (2d Cir. 1963) ................................................................................... 10, 11, 12

*Transoceanic Cable Ship Co. v. Psomostithis*,
    1999 WL 562101 (S.D.N.Y. Aug. 2, 1999) ......................................................................... 13

*In re United Ins. Mgmt., Inc.*,
    14 F.3d 1380 (9th Cir. 1994) ............................................................................................... 17

*Unschuld v. Tri-S Sec. Corp.*,
    2007 WL 2729011 (N.D. Ga. Sept. 14, 2007) .................................................................... 14

*Utilities Ins. Co. v. Ledford*,
    255 F.2d 123 (6th Cir. 1958) ............................................................................................... 12

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) .......................................................................................................... 9, 11

*Youell v. Exxon Corp.*,
    74 F.3d 373 (2d Cir. 1996) ............................................................................................ *passim*

## Statutes

15 U.S.C. § 77m ............................................................................................................................. 15

15 U.S.C. § 77v ............................................................................................................. 7, 8, 10, 14

28 U.S.C. § 1331 ........................................................................................................................... 10

28 U.S.C. § 2201(a) ....................................................................................................................9

Fed. R. Civ. P. 57 ....................................................................................................................16

Cal. Code Civ. Proc. § 410.30 ...................................................................................................8

Plaintiff American International Group, Inc. ("AIG") respectfully submits this memorandum of law in opposition to defendants' (collectively, "PIMCO") motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6) ( "PIMCO Mot.").

## PRELIMINARY STATEMENT

This Court is the proper and most appropriate forum to decide the sole federal question posed in this action: whether PIMCO's claims under Section 11 of the Securities Act of 1933 (the "Securities Act") are time-barred by the three-year statute of repose set forth in Section 13 of the Securities Act. *See Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013), *cert. granted sub nom. Pub. Emps' Ret. Sys. v. IndyMac MBS, Inc.*, 134 S. Ct. 1515 (2014) and *cert. dismissed as improvidently granted*, 135 S. Ct. 42 (2014) (holding that the pendency of a class action does not toll the statute of repose in Section 13) ("*IndyMac*"). PIMCO is just one of a group of investors in AIG who chose to exclude themselves from the settlement class in *In re American International Group, Inc. 2008 Securities Litigation*, No. 08-CV-4772, (the "AIG Class Action") which recently settled after nearly seven years of active litigation in this Court, and then commence their own actions. All of the other opt-out actions are pending in this Court and subject to motions to dismiss raising the exact same federal question presented here as to the timeliness of plaintiffs' federal securities law claims.

PIMCO's motion to dismiss asks the Court to decline to adjudicate this action in favor of PIMCO's prior-filed Securities Act claims in California state court. But PIMCO's forum shopping in a clear attempt to avoid *IndyMac* should not be rewarded and the California state court is considering whether to proceed with the action in light of our motion to stay in favor of this forum. Simply put, there are many reasons—practical and policy based—for this Court to resolve the important and exclusively federal law issue presented. And as a matter of discretion,

there are many good reasons for this Court to resolve AIG's pending motion for summary judgment under *IndyMac*. Each of PIMCO's efforts to evade this Court's jurisdiction fails.

*First*, AIG's declaratory judgment action does not violate the anti-removal provision of the Securities Act. To support this proposition, PIMCO relies solely on cases that involved only questions of state law. But as the Second Circuit has held, federal courts have a special obligation to resolve questions of federal law such as the one presented here. The Second Circuit has twice found abuse of discretion when a district court did exactly what PIMCO asks this Court to do: dismiss a declaratory judgment action raising a federal question in favor of pending state-court litigation. *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 105 (2d Cir. 2012); *Youell v. Exxon Corp.*, 74 F.3d 373, 376 (2d Cir. 1996). This Court should not "cede federal review of an issue of federal law merely because [PIMCO] won the race to . . . state court"[1]—particularly one chosen solely for tactical advantage by a sophisticated litigant such as PIMCO and particularly where PIMCO's action, if filed in a New York state court, would not have been remanded after removal.

*Second*, a judgment declaring that PIMCO's claims are time-barred "will serve a useful purpose" by resolving the dispute between the parties. *See, e.g.*, *Niagara Mohawk*, 673 F.3d at 105 (citation and quotations omitted). Contrary to PIMCO's protestations otherwise, the Declaratory Judgment Act may properly be invoked to settle a controversy by declaring federal securities law claims time-barred. *See Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 563 (2d Cir. 1991); *infra* Part II.

*Third*, principles of equity and efficiency weigh in favor of deciding the timeliness of PIMCO's claims here. All material events at issue in PIMCO's claims occurred in this district,

---

[1] *Youell*, 74 F.3d at 376.

WEIL:\95413304\8\14430.0044

where AIG maintains its headquarters and where the challenged AIG disclosures were issued.
This district is where the AIG Class Action was litigated for nearly seven years and where all of
the opt-out actions are pending and will be resolved under Second Circuit law. Indeed, contrary
to what PIMCO suggests in its motion, the California court decided to defer considering the
timeliness of PIMCO's claims, and instead will first determine whether that action should be
stayed in favor of proceeding in this Court. That ruling will likely come at the September 18,
2015 hearing on AIG's motion to stay the California Action, or soon thereafter. *See infra* Part III.

## STATEMENT OF FACTS

The relevant facts on this motion are largely not in dispute and have been oft-repeated
now in both AIG's motion for summary judgment and PIMCO's motion to dismiss. We repeat
below only those facts needed to place this dispute in context and demonstrate why PIMCO's
motion to dismiss should be denied.

### A.     The Class Action

During the 2008 financial crisis, eight putative class action lawsuits were filed in the
Southern District of New York against AIG and certain of its officers and directors asserting
claims under the Securities Act and the Securities Exchange Act of 1934 (the "Exchange Act").
Order Consolidating AIG Securities Actions, Appointing Lead Plaintiff and Approving Co-Lead
Counsel, AIG Class Action (S.D.N.Y. Mar. 20, 2009), Dkt. No. 81. Those actions were assigned
to the Honorable Laura Taylor Swain and consolidated under the caption *In re American
International Group, Inc. 2008 Securities Litigation*, No. 08-CV-4772. The AIG Class Action
complaint alleged that AIG violated the federal securities laws by misleading investors about its
exposure to the subprime mortgage market from 2006 through 2008. The AIG Class Action
proceeded here in the SDNY for over six years, through the appointment of a lead plaintiff under

3

the Private Securities Litigation Reform Act ("PLSRA"); motions to dismiss; motions for judgment on the pleadings; merits discovery (including the production of tens of millions of pages of documents and nearly 60 depositions); and class certification discovery, motions, and a hearing. Compl. ¶ 17.[2]

On September 12, 2014, Lead Plaintiff and AIG filed a Stipulation and Agreement of Settlement (the "Settlement"). Compl. ¶ 18. AIG agreed to pay $960 million to "settle and release all claims asserted in" the AIG Class Action against it and other defendants, and PricewaterhouseCoopers LLC, AIG's auditor, agreed to pay $10.5 million to settle all claims asserted against it. *Id.* That same day, Lead Plaintiff moved for preliminary approval of the settlement, approval of notice to the class, and certification of the class for the purpose of settlement. *Id.*

On September 22, 2014, PIMCO's counsel in the California Action and this action, Bernstein Litowitz Berger & Grossmann LLP, objected to the proposed settlement on behalf of certain other putative class members, urging the Court to defer ruling on Lead Plaintiff's motion for preliminary approval until after the U.S. Supreme Court had decided *IndyMac*. Institutional Investors' Objection to Preliminary Approval of the Settlement and Certification of a Settlement Class, AIG Class Action (S.D.N.Y. Sept. 22, 2014) (the "Objection") Dkt. No. 453. In the Objection, counsel argued that "an affirmance of the Second Circuit's decision [in *IndyMac*] could determine that in long-running class actions such as this case, investors' individual claims would be barred by the statute of repose, meaning that a decision to opt out of this case would likely amount to a forfeiture of any viable claims for recovery." *Id*. at 6-7. After certain of the *IndyMac* defendants settled the claims against them, the Supreme Court dismissed the writ of

---

[2] Citations to Compl. ¶ __ are to AIG's Complaint for Declaratory Relief filed on April 29, 2015.

4

*certiorari* in *IndyMac* as improvidently granted. *See Pub. Employees' Ret. Sys. of Mississippi v. IndyMac MBS, Inc.*, 135 S. Ct. 42 (2014). PIMCO's counsel subsequently withdrew the Objection. Institutional Investors' Notice of Withdrawal of Objection to Preliminary Approval of the Settlement and Certification of a Settlement Class; [Proposed] Conforming Order, AIG Class Action (S.D.N.Y. Sept. 29, 2014), Dkt. No. 460.

On October 7, 2014, the Court entered the Order Preliminarily Approving Proposed Settlement and Providing for Notice. Compl. ¶ 19. This order preliminarily approved the proposed settlement as "fair, reasonable, and adequate," provisionally certified the class for settlement purposes only, and approved the notice of the settlement to be sent to provisional class members. *Id*. The Court-approved notice addressed *IndyMac* and warned putative class members that:

> pursuant to a recent decision of the United States Court of Appeals for the Second Circuit, entitled *Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, Docket Nos. 11-2998-cv(L), 11-3036-cv(CON) (2d Cir. 2013) ("*IndyMac*") (a copy of this decision may be viewed at www.AIG2008Securitiessettlement.com), if you exclude yourself from the Settlement Class, you may forfeit any claims you may have against the Defendants relating to your purchases of AIG securities during the Settlement Class Period because the 3-year statute of repose under the Securities Act (which is 3 years from the date the securities were *bona fide* offered to the public) . . . has otherwise expired.

Compl. ¶ 20. One hundred and thirteen requests for exclusion were submitted on behalf of putative class members by the Court-ordered deadline, including by PIMCO. Compl. ¶ 21.

On March 20, 2015, this Court issued a Judgment and Order finally approving the parties' settlement of the AIG Class Action and certifying a class, for settlement purposes only, consisting of "all Persons (a) who purchased AIG Securities on a U.S. public exchange . . . or (b) who purchased or acquired AIG Securities in or traceable to a public offering" from March 16, 2006 through September 16, 2008 (the "Settlement Class") and excluding "any Person . . . that

would otherwise be a Settlement Class Member, but properly excluded himself, herself, or itself by submitting a valid and timely request for exclusion from the Settlement Class" (the "Judgment"). Compl. ¶ 22.

**B.     The Opt-Out Actions**

While the AIG Class Action was pending, numerous putative class members either filed their own complaints or entered into tolling agreements in an attempt to preserve their individual claims. Compl. ¶ 23. Some of these putative class members have continued to pursue their claims and some "returned" into the class and accepted the settlement consideration. Currently, eight actions filed by investors who elected to exclude themselves from the AIG Class Action settlement are pending in this Court (the "Opt-Out Actions").[3] *See* Compl. ¶ 24. Six of the eight Opt-Out Actions have been coordinated for fact discovery and motion practice. *See, e.g.,* Omnibus Case Management Order No. 2, *Regents of the University of California,* 1:14-cv-01270 (S.D.N.Y. Nov. 20, 2014), Dkt. No. 35. (The later-filed *Lord Abbett* and *GE Funds* actions are or will soon be operating under similar, but separate, case management orders. *General Electric Pension Trust*, No. 15-CV-957 (S.D.N.Y. Mar. 25, 2015), Dkt. No. 31. AIG and other defendants have moved to dismiss the Securities Act and Exchange Act claims asserted in the Opt-Out

---

[3] *Kuwait Inv. Auth. v. Am. Int'l Grp., Inc.,* No. 11-CV-08403 (S.D.N.Y.) (LTS) (DCF); *Oppenheimer Equity Funds, Inc. v. Am. Int'l Grp., Inc.,* No. 12-CV-523 (S.D.N.Y.) (LTS) (DCF); *Pac. Life Funds v. Am. Int'l Grp., Inc.,* No. 12-CV-6071 (S.D.N.Y.) (LTS) (DCF); *Teachers Ret. Sys. of the State of Il. v. Am. Int'l Grp., Inc.,* No. 13-CV-3377 (S.D.N.Y.) (LTS) (DCF); *GIC Private Ltd. v. Am. Int'l Grp., Inc.,* No. 13-CV-6565 (S.D.N.Y.) (LTS) (DCF); *Regents of the Univ. of Cal. v. Am. Int'l Grp., Inc.,* No. 14-CV-1270 (S.D.N.Y.) (LTS) (DCF); *Gen. Elec. Pension Trust v. Am. Int'l Grp., Inc.,* No. 15-CV-957 (S.D.N.Y.) (LTS) (DCF); and *Lord Abbett Affiliated Fund, Inc. v. Am. Int'l Grp., Inc.,* No. 15-CV-00774 (S.D.N.Y.) (LTS) (DCF) (collectively, the "New York Actions"). *Stichting Pensioenfonds Metalektro v. Am. Int'l Grp., Inc.,* No. 13-CV-6502 (S.D.N.Y.), *Dow 30SM Enhanced Premium & Income Fund v. Am. Int'l Grp., Inc.,* No. 14-CV-1652 (S.D.N.Y.), and *British Coal Staff Superannuation Scheme v. Am. Int'l Grp., Inc.,* 12-CV-4555 (S.D.N.Y.), were voluntarily dismissed.

6

Actions as time-barred in whole or in part under *IndyMac* and the applicable statutes of repose. Compl. ¶ 25. Those motions to dismiss are fully briefed. *See id.*

### C.    PIMCO's California Action

Other than hoping that *IndyMac* would be reversed by the Supreme Court, PIMCO did nothing to preserve its claims in the nearly seven years between the time that the first class action complaint was filed (in May 2008) and PIMCO's filing of the California Action in March 2015. Compl. ¶ 27.

Instead, on March 27, 2015, PIMCO filed the California Action against AIG in California state court. Compl. ¶ 26. The California Complaint asserts a single count, under Section 11 of the Securities Act, based on six offerings of AIG debt and equity securities between October 18, 2006 and May 12, 2008. *Id.* The California Complaint does not assert any state law claims. *Id.* The California Complaint claims, incorrectly, that the AIG Class Action "served to toll any applicable statute of limitations and repose for the claims set forth in this Complaint pursuant to the doctrine announced in *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552 (1974)" ("*American Pipe*"). California Complaint ¶ 415. For the reasons explained in AIG's pending motion for summary judgment, this contention is wrong as a matter of law.

AIG removed the California Action based on federal-question jurisdiction. *See Pac. Inv. Mgmt. Co. v. Am. Int'l Grp., Inc.*, No. 8:15-CV-00687 (DFM) (C.D. Cal. Apr. 30, 2015), Dkt. No. 1.  AIG then moved to transfer the case to this district, and PIMCO sought remand arguing that the Securities Act removal bar prohibited removal. *See Pac. Inv. Mgmt. Co. v. Am. Int'l Grp., Inc.*, No. 8:15-CV-00687 (DFM) (C.D. Cal. May 8, 2015), Dkt. Nos. 16, 17; *generally* 15 U.S.C. § 77v(a). AIG opposed remand on the grounds that, as this Court and others have held, the removal bar applies only to cases brought in state courts of "competent jurisdiction," and the

WEIL:\95413304\8\14430.0044

Securities Litigation Uniform Standards Act ("SLUSA") has divested state courts of jurisdiction over "covered class actions" such as the California Action. *Pac. Inv. Mgmt. Co.*, No. 8:15-cv-00687 (DFM) (C.D. Cal. May 18, 2015), Dkt. No. 23; *see* 15 U.S.C. § 77v(a); *id.* § 77p(f)(2)(A)(i)(I); *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266, at *2-3 (S.D.N.Y. Nov. 24, 2009) (Crotty, J.) (denying motion to remand; noting that "'covered class actions' are not subject to concurrent state and federal jurisdiction. Rather, federal courts have exclusive jurisdiction over covered SLUSA class actions alleging claims under the 1933 Act"). The California federal court granted PIMCO's motion to remand based on recent California district court decisions disagreeing with this interpretation of the statute. *Pac. Inv. Mgmt. Co. v. Am. Int'l Group, Inc.*, 2015 WL 3631833, at *2 (C.D. Cal. June 10, 2015). That court also noted that it "likely" would have transferred the case to this Court if it had decided the transfer motion first, but ultimately determined to decide the remand motion first and deny the transfer motion as moot. *Id.*

Following remand, AIG moved to stay the California Action on the ground of *forum non conveniens* pursuant to Cal. Code Civ. Proc. § 410.30. *See* Motion to Stay, *Pac. Inv. Mgmt. Co. v. Am. Int'l Group Inc.*, No. 30-2015-00779738-CU-SL-CXC (Cal. Super. Ct. Orange Cnty. July 10, 2015). AIG's motion to stay is scheduled to be fully briefed by September 11, 2015. The state court has stayed all discovery pending resolution of that motion.[4] *See* Minute Order, *Pac. Inv. Mgmt. Co.*, No. 30-2015-00779738-CU-SL-CXC, at 1 (Cal. Super. Ct. Orange Cty. July 1, 2015), Dkt. No. 21.

---

[4] PIMCO erroneously claims that AIG "advocated for 'formal briefing'" on the statute of repose in the California Action. PIMCO Mot. at 7. In fact, AIG has moved only for a stay of that action on the ground that it was brought in an inconvenient forum. Pursuant to the parties' court-approved stipulation, AIG will demur against the complaint only if the California court denies AIG's motion to stay. *See Pac. Inv. Mgmt. Co.,* No. 30-2015-00779738-CU-SL-CXC (Cal. Super. Ct. Orange Cty.), Dkt. No. 21.

WEIL:\95413304\8\14430.0044

**ARGUMENT**

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). A district court has "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal." *Kickstarter, Inc. v. ArtistShare, Inc.*, 2012 WL 1192021, at *5 (S.D.N.Y. Apr. 10, 2012) (Crotty, J.) (quotations omitted); *see also Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). In exercising its discretion the Court may consider "equitable, prudential, and policy arguments." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007); *Niagara Mohawk*, 673 F.3d at 106 n.7 (similar). These factors all weigh decisively toward adjudicating this matter.

PIMCO does not dispute that this Court has subject matter jurisdiction to resolve the claim presented under the Securities Act or that venue is proper here. Instead, PIMCO's arguments boil down to the sole contention that this Court should defer to PIMCO's tactical choice to assert its federal Securities Act claims in California state court. But that choice is entitled to no deference. The Second Circuit has repeatedly held that federal courts have a special responsibility to resolve questions of federal law and even the California state court is first considering AIG's motion to stay the action in favor of this forum. Indeed, AIG's motion to stay the California Action is scheduled for hearing on September 18, 2015. *Pac. Inv. Mgmt. Co.,* No. 30-2015-00779738-CU-SL-CXC (Cal. Super. Ct. Orange Cty. July 16, 2015), Dkt. No. 36.

9

## I.   THIS COURT IS THE PROPER FORUM TO DECIDE THE FEDERAL QUESTION AT ISSUE

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal-question jurisdiction) and Section 22 of the Securities Act, which vests district courts with jurisdiction over, *inter alia*, actions arising under Section 11. *See* 15 U.S.C. § 77v. PIMCO does not dispute this. Nor could it: "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd. of State of Cal. v. Contr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983); *see also*, *e.g.*, *Kidder*, 925 F.2d at 562 (affirming declaratory judgment of non-liability under the Exchange Act); *Major League Baseball Props., Inc. v. Price*, 105 F. Supp. 2d 46, 53-54 (E.D.N.Y. 2000) ("[F]ederal question jurisdiction can arise from a declaratory defendant's threatened action if that action would necessarily raise a substantial federal question.").

Nevertheless, PIMCO contends that AIG's Complaint improperly uses the Declaratory Judgment Act "as an alternative means to access the federal courts where removal jurisdiction is unavailable." PIMCO Mot. at 9. PIMCO's support consists of two cases that are entirely inapposite because they involved attempts by plaintiffs to use the Declaratory Judgment Act to adjudicate questions of state law. In *National Cancer Hospital of America v. Webster*, 251 F.2d 466, 467 (2d Cir. 1958), the court affirmed dismissal of a declaratory judgment action in which the plaintiff challenged the actions of a receiver, appointed by a state court at the request of the state, in connection with a company's alleged violations of state corporation law. Similarly, in *Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124, 125-26 (2d Cir. 1963), the court reversed judgment declaring that the plaintiff had not violated the defendant's local trademark registration

under the laws of Puerto Rico (at a time when the defendant had challenged the plaintiff's local trademark with the relevant Puerto Rican administrative agencies).

Thus, unlike here, no federal question was presented in *National Cancer Hospital* or *Topp-Cola*. *See, e.g.*, *Topp-Cola*, 314 F.3d at 126 (noting that "the proceedings in Puerto Rico [did] not call into question any of the plaintiff's rights as a federal registrant"). That distinction is critical because federal courts have a special obligation to decide questions of federal law through declaratory judgment actions. Indeed, the Second Circuit has twice held that a district court abused its discretion by dismissing a declaratory judgment action raising a federal question in favor of pending state-court litigation. *See Niagara Mohawk*, 673 F.3d at 105; *Youell*, 74 F.3d at 376. In *Youell*, while the court recognized the discretionary nature of review under the Declaratory Judgment Act, the court nevertheless instructed that "[t]o resolve novel questions of federal law"—there a "novel issue of federal admiralty law"—"is quintessentially our obligation." 74 F.3d at 374, 376 (internal quotation marks and citation omitted). Similarly, in *Niagara Mohawk*, the Second Circuit vacated dismissal of a declaratory judgment action asserting a federal constitutional challenge to a state regulatory scheme. 675 F.3d at 105. The court explained that when it comes to the exercise of a court's discretion under the Declaratory Judgment Act, "cases like this one that involve questions of federal law are fundamentally distinct" from cases involving only state law claims. *Id.* at 105 (quotations omitted).[5] This was so even though there was no dispute in *Niagara Mohawk* or *Youell* that the state courts had concurrent jurisdiction over the claims at issue.

---

[5] *Wilton*, in which the Supreme Court reaffirmed the discretionary nature of declaratory judgment review, involved only state law claims, and the Court noted that its decision did "not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law." 515 U.S. at 290.

11

The reasoning of *Youell* and *Niagara Mohawk* applies here with full force. Not only is the question to be decided (*i.e.*, the timeliness of PIMCO's Section 11 claims) one of federal law but it is also unquestionably an important and novel one: The applicability of *American Pipe* tolling to Section 13's statute of repose is the subject of a federal circuit court split that reached the U.S. Supreme Court only this past term and remains unresolved. *See supra* pp. 4-5. A question of federal law that the Supreme Court found worthy of review is surely one that belongs in federal court, particularly given that federal courts have "special expertise in interpreting and applying federal law." *Bergemann v. Rhode Island Dep't of Envtl. Mgmt.*, 665 F.3d 336, 342 n.3 (1st Cir. 2011); *see also Kruelski v. Conn. Sup. Ct.*, 316 F.3d 103, 105-06 (2d Cir. 2003) ("[J]ust as state courts enjoy a special expertise in matters of state law, by which federal courts often wish to be guided, so federal district and circuit courts have a particular knowledge of federal law. . . .").[6]

While PIMCO argues that this action improperly seeks to "deprive . . . PIMCO of its choice of forum" and obtain an allegedly "more favorable" ruling in this Court (PIMCO Mot. at 15-17), PIMCO does not address *Youell* or *Niagara Mohawk* despite our reliance on these landmark decisions in our prior submissions to the Court. *See* Dkt. Nos. 6, 16. PIMCO has missed the point entirely in relying on inapposite cases involving only state-law claims[7] and/or a

---

[6] In contrast, this Court declined to entertain a declaratory judgment action raising a federal question under the Employee Retirement Income Security Act of 1974 ("ERISA") in *Managing Directors' Long Term Incentive Plan v. Boccella*, 2015 WL 2130876, at *3-4 (S.D.N.Y. May 6, 2015) (Crotty, J.) (cited in PIMCO Mot. at 7, 20),"because an ERISA benefit claim does not present a novel issue of federal law which all but demands that the federal court hear the case." *Id.* at *6 (quotations omitted); *see also Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995) (holding district court did not abuse discretion in declining to adjudicate declaratory judgment action arising under ERISA).

[7] *See Topp-Cola Co.*, 314 F.2d at 125; *Utilities Ins. Co. v. Ledford*, 255 F.2d 123 (6th Cir. 1958); *Nat'l Cancer Hosp.*, 251 F.2d at 467; *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Int'l Wire Grp., Inc.*, 2003 WL 21277114, at *1 (S.D.N.Y. June 2, 2003); *Friedman v. Geller*, 925 F. Supp. 611, 613 (E.D. Wis. 1996); *Allen v. Stephan Co.*, 1996 WL 551708, at *3 (S.D.N.Y. Sept. 26,

district court's dismissing a declaratory judgment action in deference to litigation pending in another federal court.[8] None of those cases supports deferring to a state court on an important and nationally unsettled question of federal law. This Court has its own independent jurisdiction over the Section 11 claims at issue and is in no way constrained by the California remand order from exercising it. *See supra* p. 10.[9]

Nor would adjudicating this matter violate principles of federalism and comity as PIMCO contends. PIMCO Mot. at 18-19. To start, the California state court has not even determined to proceed with the action much less rendered any ruling on the statute of repose issue under the Securities Act. This Court should not "cede federal review of an issue of federal law merely because [PIMCO] won the race to . . . state court." *Youell*, 74 F.3d at 376. Moreover, PIMCO cites *Kidder* in arguing that comity principles support dismissal, but that case stands for the **opposite** proposition. There, the Second Circuit **affirmed** a judgment declaring the plaintiff not liable under the federal securities laws—the exact relief sought here. The court only reversed on comity grounds the trial court's decision to adjudicate questions of state law that were already

---

1996); *Catlin Specialty Ins. Co. v. Plato Const. Corp.*, 2012 WL 924850 (D.N.J. Mar. 19, 2012); *Great Am. Ins. Co. v. Gross*, 468 F.3d 199 (4th Cir. 2006).

[8] *See First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989); *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978); *Cephalon, Inc. v. Travelers Companies, Inc.*, 935 F. Supp. 2d 609, 615 (S.D.N.Y. 2013); *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, 2011 WL 5245192 (S.D.N.Y. Nov. 2, 2011); *Apotex Inc. v. Sanofi-Synthelabo*, 386 F. Supp. 2d 549 (S.D.N.Y. 2005), *aff'd*, 175 F. App'x 349 (Fed. Cir. 2006); *Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990); *SRE Carlsbad, Inc. v. A.L. Lee Corp.*, 1987 WL 12079, at *1 (S.D.N.Y. June 3, 1987).

[9] PIMCO also cites *Gates Const. Corp. v. Koschak*, 792 F. Supp. 334, 336 (S.D.N.Y. 1992), which concluded that entertaining the plaintiff's claim for declaratory relief would improperly "circumvent" the federal Jones Act's removal bar. (*See* PIMCO Mot. at 19.) *Gates*, however, predated *Niagara Mohawk* and *Youell*. *Transoceanic Cable Ship Co. v. Psomostithis*, 1999 WL 562101, at *2 (S.D.N.Y. Aug. 2, 1999) (cited in PIMCO Mot. at 14, 17), a similar Jones Act case, was decided after *Youell* (and before *Niagara Mohawk*) but does not address it.

13

being litigated in state court. *See Kidder*, 925 F.2d at 563-64. *Kidder* thus reinforces the

appropriateness of adjudicating this matter.[10]

      Further, PIMCO's entire argument—whether framed in terms of comity, limitations on

removability, deference to the "natural plaintiff's" forum choice, or anything else—depends on

an incorrect premise: that the California state court has jurisdiction over PIMCO's claims. It does

not. As this Court is well aware, the case law in the SDNY likely would have prevented any

remand because our cases have held that the federal courts have exclusive jurisdiction under

SLUSA to adjudicate "covered class actions" (brought on behalf of more than 50 entities) raising

federal securities claims. *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266, at *2; *see also*

15 U.S.C. § 77v(a) ("The district courts of the United States . . . shall have jurisdiction of

offenses and violations under [the Securities Act] . . . and, concurrent with State and Territorial

courts, except as provided in section 77p of this title with respect to covered class actions, of all

suits in equity and actions at law brought to enforce any liability or duty created by [the

Securities Act]").[11] This Court should not defer resolution of an important federal question to a

---

[10] In *Luther v. Countrywide Financial Corp.*, 2009 WL 3271368, at *3 (C.D. Cal. Oct. 9, 2009), also relied upon by PIMCO, the defendant in a Securities Act case in state court raised jurisdictional defenses based on SLUSA and the Class Action Fairness Act. The state court judge stayed the action and directed the parties to file a federal declaratory judgment complaint so the state court could obtain the federal court's guidance on federal law. The federal court dismissed the action *sua sponte*, finding no basis in federal law for the "reverse certification" of questions of federal law from state courts to federal courts. *Id*. No such procedural oddities are present here.

[11] *See also Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) ("[F]ederal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims."); *Rubin v. Pixelplus Co.*, 2007 WL 778485, at *5 (E.D.N.Y. Mar. 13, 2007) ("I construe SLUSA's somewhat confusing language to permit the removal of securities fraud claims at issue here."); *Unschuld v. Tri-S Sec. Corp.*, 2007 WL 2729011, at *9 (N.D. Ga. Sept. 14, 2007) ("Given the intent of SLUSA, it just makes no sense to prohibit the removal of federal securities class actions to federal court. Such a prohibition would permit the sort of end run around the PSLRA that [SLUSA] attempted to stop. It is inconceivable to me that the drafters of the Act intended such an outcome.") (quotations omitted); *Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at *5

14

state court which was divested of jurisdiction by Congress and which has not even determined to proceed.

## II.   ADJUDICATING THIS ACTION WILL SERVE A USEFUL PURPOSE AND RESOLVE THE CONTROVERSY

The requested judgment will undeniably "serve a useful purpose" and eliminate "uncertainty" by resolving the dispute between the parties. *See*, *e.g.*, *Duane Reade*, 411 F.3d at 389. AIG seeks a declaration that PIMCO's Section 11 claims are time-barred under Section 13 of the Securities Act, which provides a three-year statute of repose: "In no event shall any . . . action be brought to enforce a liability created under [Section 11] more than three years after the security was bona fide offered to the public[.]" 15 U.S.C. § 77m; *see also IndyMac*, 721 F.3d at 100-01 (applying "the three-year statute of repose in Section 13 of the Securities Act"). The "bona fide" offering date of a registered security is the effective date of the registration statement through which it is offered. *See P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 99 (2d Cir. 2004).

Here, the last offering at issue in PIMCO's Section 11 claims was conducted pursuant to a registration statement that was effective when filed on May 12, 2008. Compl. ¶ 26. Thus, the statute of repose for these claims expired on May 12, 2011—nearly four years before PIMCO commenced the California Action. Importantly, statutes of repose, such as Section 13, are "equivalent to a cutoff, in essence an absolute bar on a defendant's temporal liability," which "bars any suit that is brought after a specified time since the defendant acted." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2182-83 (2014) (quotations omitted). Thus, and contrary to

---

(D.N.J. Feb. 7, 2007) ("[T]he plain language of the statute, coupled with the legislative history and a healthy dose of common sense compel the conclusion that this class action, which alleges only federal Securities Act claims, was removable.") ; *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) ("Both the legislative history and common sense support the removabilty of class actions filed in state court asserting claims exclusively under the 1933 Act.").

PIMCO's contention (*see supra* p. 7), the Second Circuit has squarely held that "*American Pipe*'s tolling rule . . . does not extend to the statute of repose in Section 13." *IndyMac*, 721 F.3d at 109. A judgment declaring PIMCO's Section 11 claims time-barred will end AIG's potential liability on those claims and thus resolve the controversy.[12] Indeed, this controversy is particularly well-suited for declaratory relief since the timeliness of PIMCO's claims can be resolved as a matter of law. *See, e.g.*, *Brown v. Stone*, 66 F. Supp. 2d 412, 437 (E.D.N.Y. 1999) ("[S]ince the preemption claims raise purely legal issues, declaratory judgment is now warranted.").

While PIMCO contends that "the Declaratory Judgment Act cannot be used to bring a defense that can be asserted in a pending action" (PIMCO Mot. at 12), the Second Circuit has repeatedly held otherwise. *See, e.g., Youell*, 74 F.3d at 375-76 (vacating dismissal of declaratory judgment action by insurers who alleged that federal admiralty law precluded their liability in pending state-court insurance-coverage litigation); *Kidder*, 925 F.2d at 559, 563 (affirming judgment declaring plaintiff not liable under the Exchange Act to party that had sued it in state court and also threatened to assert federal securities claims).[13]

---

[12] PIMCO asserts without explanation that *IndyMac* does not govern here because PIMCO supposedly opted out of a "*certified* class." PIMCO Mot. at 16. But nothing in *IndyMac*, *American Pipe*, or the concept of a statute of repose supports that distinction. For a fuller explanation why the pendency of the Class Action did not toll the statute of repose under *IndyMac*, AIG respectfully refers the Court to Part I of the Memorandum of Law in Support of AIG's Motion for Summary Judgment (July 10, 2015), Dkt. No. 30.

[13] *Cf.* Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."); *Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118, 125 (S.D.N.Y. 1997) ("[D]efendants argue that plaintiff has an adequate remedy at law in the Italian action. However, even if the Italian action offers an adequate remedy, that does not preclude declaratory relief."); *aff'd sub nom, Farrell Lines Inc. v. Ceres Terminals Inc.*, 161 F.3d 115 (2d Cir. 1998).

WEIL:\95413304\8\14430.0044

Indeed, the Second Circuit's decision in *Kidder* is particularly instructive here. There, the plaintiff sought a declaration that it was not liable to the defendant under Section 10(b) or 14(e) of the Exchange Act in a dispute arising out of a merger. *Kidder*, 925 F.2d at 562. The Second Circuit affirmed the district court's declaration of non-liability under those provisions, holding that "[a] judicial declaration that Maxus is barred from asserting the 1934 Act claims would both settle the matter between these parties once and for all and dispel all uncertainty regarding the liability of Kidder for these claims." *Id.* at 563; *see also Carlin Equities Corp. v. Offman*, 2008 WL 4387328, at *1 (S.D.N.Y. Sept. 24, 2008) ("[S]ummary judgment is granted as to plaintiffs' claim seeking a declaration of non-liability under the federal securities laws."); *Bruh v. Bessemer Venture Partners III L.P.*, 2005 WL 2087803, at *1 (S.D.N.Y. Aug. 29, 2005) (issuing declaratory judgment of non-liability under Section 16(b) of the Exchange Act), *aff'd*, 464 F.3d 202 (2d Cir. 2006).

Likewise, numerous courts have invoked the Declaratory Judgment Act in determining that a party's claims are time-barred. *See, e.g., In re United Ins. Mgmt., Inc.*, 14 F.3d 1380, 1382-83 (9th Cir. 1994) (reinstating bankruptcy court's judgment declaring that assigned claims were time-barred); *Fort Knox Music, Inc. v. Baptiste*, 47 F. Supp. 2d 481, 482 (S.D.N.Y. 1999) (granting judgment in favor of plaintiffs seeking "declaration that [defendant] is time-barred from commencing any action against plaintiffs challenging plaintiffs' rights and copyright" in a disputed song). Indeed, using the Declaratory Judgment Act to determine the timeliness of PIMCO's claims is particularly appropriate, since both the Declaratory Judgment Act and the Securities Act's statute of repose serve to promote certainty as to a party's potential liability. *See, e.g., Duane Reade*, 411 F.3d at 389 (noting "relief from uncertainty" as a factor in determining to entertain a declaratory judgment action); *Footbridge Ltd. Trust v. Countrywide Fin. Corp.*, 770

17

F. Supp. 2d 618, 622 (S.D.N.Y. 2011) ("Statutes of repose aim to create certainty.") (citation

omitted).[14]

## III.    A DECLARATORY JUDGMENT WILL PROMOTE EQUITY BY ENSURING CONSISTENT RESOLUTION OF THE OPT-OUT ACTIONS

Finally, "equitable, prudential, and policy" considerations weigh heavily in favor of

adjudicating this action and declaring that PIMCO's claims are time-barred. *See MedImmune*,

549 U.S. at 136; *Niagara Mohawk*, 673 F.3d at 106 & n.7 ("The propriety of issuing a

declaratory judgment may depend upon equitable considerations . . ."). PIMCO was part of the

nationwide AIG Class Action before excluding itself just before final approval of the AIG Class

Action settlement. Compl. ¶ 21. Other than PIMCO's California Action, all of the pending

lawsuits filed against AIG by other investors who opted out of the AIG Class Action settlement

are in this Court. AIG has fully briefed motions to dismiss in all of those cases based on the

applicable statutes of repose under the Securities Act and/or the Exchange Act. Entertaining this

---

[14] PIMCO argues that this action does not serve a useful purpose (PIMCO Mot. at 11) or provide "relief from uncertainty" because it supposedly is "duplicative" of an issue asserted in the California Action (*id.* at 13). In so arguing, PIMCO misplaces reliance on cases where courts dismissed claims for declaratory judgment that were duplicative of other claims asserted in the very same action (or that are distinguishable for the reasons noted *supra* pp. 12-13 & n. 7-8). *See, e.g., Hosp. Auth. Of Rockdale Cnty. v. GS Capital Partners V Fund, L.P.,* 2013 WL 840851, at *8 (S.D.N.Y. Mar. 6, 2013) (Crotty, J.) (dismissing declaratory judgment counterclaims by defendant because the issues raised would be resolved through resolution of plaintiff's claims); *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301 (S.D.N.Y. 2010); *Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 483 (S.D.N.Y. 2006); *Horowitz v. Am. Int'l Grp., Inc.*, 2010 WL 3825737, at *10 (S.D.N.Y. Sept. 30, 2010), *aff'd*, 498 F. App'x 51(2d Cir. 2012); *Intellectual Capital Partner v. Institutional Credit Partners LLC*, 2009 WL 1974392, at *7 (S.D.N.Y. July 8, 2009). Likewise, the "first-filed" rule invoked by PIMCO (PIMCO Mot. at 14) is inapplicable in cases like here, where the earlier-filed action is pending in state court. *See, e.g., Kytel Int'l Grp., Inc. v. Rent A Ctr., Inc.*, 43 F. App'x 420, 422 (2d Cir. 2002) ("Ordinarily the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.") (citation omitted); *Hon Hai Precision Indus. Co. v. Wi-LAN, Inc.*, 2013 WL 2322675, at *5 (S.D.N.Y. May 28, 2013) ("Because federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them . . . the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.") (citation omitted).

WEIL:\95413304\8\14430.0044

action will resolve the parties' dispute with maximum efficiency and also ensure that the statute of repose is applied consistently to the claims of all of the opt-out plaintiffs.

Indeed, by filing in California state court, PIMCO evidently hopes to obtain an inconsistent result and exploit the fact that the issue of whether *American Pipe* tolling applies to toll the Securities Act's statute of repose would be one of first impression in California state court.[15] Such gamesmanship should not be countenanced.

And finally, the SDNY is the natural and appropriate forum for this dispute. Indeed, AIG did not choose this forum in the first instance: the class plaintiffs and the opt-out plaintiffs did, and for logical reason. AIG was and is headquartered in New York. New York is the primary location of the material events in this case and where the challenged AIG disclosures were prepared and disseminated from. The nexus of all of PIMCO's allegations thus centers on New York. Recognizing these facts, the California federal court noted that if it had decided AIG's transfer motion before PIMCO's motion to remand, the case "likely" would have been transferred to this Court. *Pac. Inv. Mgmt. Co.,* 2015 WL 3631833, at *2. The California state court, on the other hand, has no meaningful connection to the events at issue. The only purported California connection is that Pacific Investment Management Company LLC maintains its principle offices there. Having clearly forum shopped to avoid the Second Circuit law that will govern all of the other opt-out actions, PIMCO's choice of forum deserves no deference.

---

[15] Contrary to PIMCO's suggestion (PIMCO Mot. at 15 & n.4), California district court cases inconsistent with *IndyMac* would not be binding on a California state court. *See, e.g., Serv. Emp. Int'l Union v. Cnty. of Los Angeles*, 225 Cal. App. 3d 761, 768 (Ct. App. 1990) ("California courts are not bound by the decisions of lower federal courts even on federal questions.").

19

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should deny PIMCO's motion to dismiss.

Dated: New York, New York
July 31, 2015

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**

By:   <u>/s/ Joseph S. Allerhand          </u>
      Joseph S. Allerhand
      Robert F. Carangelo
      Stacy Nettleton

      767 Fifth Avenue
      New York, NY 10153
      Tel: (212) 310-8000
      Fax: (212) 310-8007
      joseph.allerhand@weil.com
      robert.carangelo@weil.com
      stacy.nettleton@weil.com

      *Attorneys for Plaintiff*
      *American International Group, Inc.*

20