UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., <br><br> Plaintiff, <br><br> -against- <br><br> PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, et al., <br><br> Defendants. | No. 15-CV-03339 (PAC) |

**PIMCO'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS AIG'S COMPLAINT FOR DECLARATORY RELIEF**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1
II. JUDGE CARTER'S JUNE 10 ORDER MANDATES DISMISSAL ................................ 3
III. THE SECOND CIRCUIT'S FIVE-FACTOR TEST MANDATES DISMISSAL ............................................................................................................................. 6
IV. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Albano v. Shea Homes Ltd. P'ship*,
    634 F.3d 524 (9th Cir. 2011) ................................................................................................. 6

*Allstate Ins. Co. v. CitiMortgage, Inc.*,
    2012 WL 967582 (S.D.N.Y. Mar. 13, 2012) ......................................................................... 4

*Amtower v. Photon Dynamics, Inc.*,
    158 Cal. App. 4th 1582 (2008) .............................................................................................. 6

*Amusement Indus., Inc. v. Stern*,
    693 F. Supp. 2d 301 (S.D.N.Y. 2010) .................................................................................... 2

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*,
    158 Cal. App. 4th 226 (2007) ................................................................................................ 6

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
    135 S. Ct. 1293 (2015) ........................................................................................................... 3

*Bader v. Fleschner*,
    463 F. Supp. 976 (S.D.N.Y. 1978) ........................................................................................ 3

*Bruh v. Bessemer Venture Partners III L.P.*,
    2005 WL 2087803 (S.D.N.Y. Aug. 29, 2005) ....................................................................... 7

*Carlin Equities Corp. v. Offman*,
    2008 WL 4387328 (S.D.N.Y. Sept. 24, 2008) ....................................................................... 7

*Dow Jones & Co. Inc. v. Harrods Ltd.*,
    346 F.3d 357 (2nd Cir. 2003) ................................................................................................ 7

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
    411 F.3d 384 (2d Cir. 2005) .................................................................................................. 7

*First Interstate Bank of Denver, N.A. v. Cent. Bank & Trust Co. of Denver*,
    937 P.2d 855 (Colo. App. 1996) ............................................................................................ 6

*Fort Knox Music, Inc. v. Baptiste*,
    47 F. Supp. 2d 481 (S.D.N.Y. 1999) ..................................................................................... 7

*Gates Const. Corp. v. Koschak*,
    792 F. Supp. 334 (S.D.N.Y. 1992) ........................................................................................ 4

*Hendricks v. Thornton*,
    973 S.W.2d 348 (Tex. App. 1998) ......................................................................................... 6

*Hosp. Auth. of Rockdale Cnty. v. GS Capital Partners V Fund, L.P.*,
  2013 WL 840851 (S.D.N.Y. Mar. 6, 2013) ................................................................................1

*Hromyak v. Tyco Int'l Ltd.*,
  942 So. 2d 1022 (Fla. Dist. Ct. App. 2006) ..............................................................................6

*Isaacson v. Slote*,
  301 N.Y.S.2d 336 (Sup. Ct. 1969)............................................................................................6

*Joseph v. Wiles*,
  223 F.3d 1155 (10th Cir. 2000) ................................................................................................5

*Kidder, Peabody & Co. v. Maxus Energy Corp.*,
  925 F.2d 556 (2d Cir. 1991)......................................................................................................5

*Knoell v. Huff*,
  395 N.W.2d 749 (1986) ............................................................................................................6

*Levin v. Kilborn*,
  756 A.2d 169 (R.I. 2000) ..........................................................................................................6

*Luther v. Countrywide Fin. Corp.*,
  2009 WL 3271368 (C.D. Cal. Oct. 9, 2009)..........................................................................2, 4

*Managing Directors' Long Term Incentive Plan ex rel. Comm. v. Boccella*,
  2015 WL 2130876 (S.D.N.Y. May 6, 2015) .........................................................................2, 8

*Nat'l Cancer Hosp. of Am. v. Webster*,
  251 F.2d 466 (2d Cir. 1958), *cert. denied*, 361 U.S. 824 (1959)...............................................1

*Nat'l Union Fire Ins. Co. v. Int'l Wire Grp. Inc.*,
  2003 WL 21277114 (S.D.N.Y. June 2, 2003) ..........................................................................2

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*,
  673 F.3d 84 (2d Cir. 2012)...............................................................................................4, 5, 9

*Obal v. Deutsche Bank Nat'l Trust Co.*,
  2015 WL 631404 (S.D.N.Y. Feb. 13, 2015).............................................................................7

*Ord v. AmFirst Inv. Servs.*,
  14 Neb. App. 97, 109 (2005), *overruled on different ground by Knights of
  Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317 (2010) .........................................6

*Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*,
  2015 WL 3631833 (C.D. Cal. June 10, 2015) ......................................................................1, 3

*Police and Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc.*,
  721 F.3d 95 (2d Cir. 2013)........................................................................................................5

*Sagehorn v. Engle*,
    141 Cal. App. 4th 452 (2006) ................................................................................................6

*Takiguchi v. Podorean*,
    1987 WL 256442 (Haw. Cir. Ct. July 7, 1987)........................................................................6

*Topp-Cola Co. v. Coca-Cola Co.*,
    314 F.2d 124 (2d Cir. 1963).................................................................................................2, 4

*Transoceanic Cable Ship Co. v. Psomostithis*,
    1999 WL 562101 (S.D.N.Y. Aug. 2, 1999) ............................................................................4

*In re United Ins. Mgmt., Inc.*,
    14 F.3d 1380 (9th Cir. 1994) ..................................................................................................7

*Van de Walle v. Salomon Bros.*,
    733 A.2d 312 (Del. Ch. 1998) *aff'd*, 734 A.2d 160 (Del. 1999)..............................................6

*Youell v. Exxon Corp.*,
    74 F. 3d 373 (2d Cir. 1996)....................................................................................................5

**STATUTES, RULES & REGULATIONS**

28 U.S.C.A.
    § 1333(1) .................................................................................................................................5

15 U.S.C.
    § 77v...................................................................................................................................2, 3
    § 78aa ......................................................................................................................................5

## I. INTRODUCTION

As established in PIMCO's opening motion, the proper procedure for AIG to move this litigation to federal court was through the removal of PIMCO's state court complaint. AIG did that and lost.[1] Specifically, on June 10, 2015, Judge David O. Carter remanded the case, holding that the district court was *"without jurisdiction"* to hear PIMCO's claims and the California state court is the proper forum to resolve the parties' dispute. *See Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, 2015 WL 3631833, at *8 (C.D. Cal. June 10, 2015). This improper declaratory judgment seeks to re-litigate the remand motion, undermine Judge Carter's June 10 Order and interfere with the California state court's jurisdiction. Over fifty years ago, Judge Learned Hand held that the Declaratory Judgment Act cannot be used to access the federal court system when removal is unavailable (as Judge Carter held). *See Nat'l Cancer Hosp. of Am. v. Webster*, 251 F.2d 466, 468 (2d Cir. 1958) (Hand, J.), *cert. denied*, 361 U.S. 824 (1959). That decision is on-point and controls this motion. AIG's complaint should be dismissed on this basis alone.

Additional compelling factors justify dismissal. First, this action "serves no useful purpose" because the relief sought is available in the California Action. *Hosp. Auth. of Rockdale Cnty. v. GS Capital Partners V Fund, L.P.*, 2013 WL 840851, at *7 (S.D.N.Y. Mar. 6, 2013) (Crotty, J.) ("[D]eclaratory proceedings serve no 'useful purpose' when the relief sought 'can already be had via a trial on the merits.'").

---

[1] Unless otherwise noted, emphasis is added, internal quotations and citations are omitted, and defined terms have the meanings given to them in PIMCO's Memorandum Of Law In Support Of Its Motion To Dismiss ("Motion" or "Mot."), ECF No. 34. Citations to "Opp." refer to AIG's Memorandum Of Law In Opposition to PIMCO's Motion, ECF No. 37. Citations to "MSJ" refer to AIG's Memorandum of Law In Support Of Its Motion For Summary Judgment, ECF No. 30, and citations to "MSJ Opp." refer to PIMCO's opposition thereto, ECF No. 38.

1

Second, this action does not involve "relief from uncertainty." AIG is not "threatened with legal proceedings but does not know when or where the blow will fall." *See Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124, 126 (2d Cir. 1963). PIMCO filed suit in California, where the dispute will be litigated.

Third, this action is "improper procedural fencing" in a "race to *res judicata*" because AIG perceives this to be a more favorable forum. *See Nat'l Union Fire Ins. Co. v. Int'l Wire Grp. Inc.*, 2003 WL 21277114, at *6 (S.D.N.Y. June 2, 2003) ("Courts in the Second Circuit have repeatedly refused to exercise jurisdiction over declaratory actions motivated by a desire to wrest the choice of forum from the real plaintiff").

Fourth, this action violates principles of comity and federalism. Congress expressly empowered state courts to decide Securities Act claims. 15 U.S.C. § 77v. Indeed, state courts regularly decide the timeliness of such claims, including under the statute of repose. *See infra* p. 6, n.3. Here, a declaratory judgment would violate the statutory scheme and the state judiciaries' concurrent jurisdiction over Securities Act claims. *See Luther v. Countrywide Fin. Corp.*, 2009 WL 3271368, at *3 (C.D. Cal. Oct. 9, 2009) ("It serves no useful purpose – in fact, it would undermine principles of federalism and comity – to circumvent the state system by this collateral declaratory judgment action.").

Finally, the California Action will **completely** resolve the very issue AIG requests this Court resolve. *Managing Directors' Long Term Incentive Plan ex rel. Comm. v. Boccella*, 2015 WL 2130876, at *6 (S.D.N.Y. May 6, 2015) (Crotty, J.) (dismissing declaratory judgment suit where pending California suit would "**substantially** resolve the issues" in the declaratory judgment action). Should PIMCO prevail on the timeliness defense, the California court can resolve ***all*** of the parties' disputes in a single proceeding. *See Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d

2

301, 312 (S.D.N.Y. 2010) ("Finally, there is a 'better or more effective remedy' than a declaratory judgment action – specifically, the underlying litigation itself.").

AIG's opposition ignores controlling Second Circuit authority and Judge Carter's decision. Instead, AIG invents its own test – what court is the "proper and most appropriate forum" to resolve the dispute (Opp. at 1, 10, 18-19). Judge Carter's holding that the California state court is the proper forum "forever settled" the issue and precludes re-argument here. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302-03 (2015) ("This Court has long recognized that 'the determination of a question directly involved in one action is conclusive as to that question in a second suit.'"). AIG is not entitled to a "rematch," regardless of its purported "practical and policy-based" contentions. *Id.*

## II.   JUDGE CARTER'S JUNE 10 ORDER MANDATES DISMISSAL

AIG's claim that "[t]his Court is the proper and most appropriate forum" has been litigated and resolved. *Pac. Inv. Mgmt.*, 2015 WL 3631833, at *8 ("This action was removed improperly and without jurisdiction."). Judge Carter's decision precludes re-argument here. *See B & B Hardware*, 135 S. Ct. at 1302-03 (2015); *see also Bader v. Fleschner*, 463 F. Supp. 976, 980 (S.D.N.Y. 1978) (court bound "under principles of stare decisis and collateral estoppel" by prior decision involving the same parties concerning federal securities law issue). The Declaratory Judgment Act does not permit AIG to rehash its "jurisdiction stripping" argument in another forum. *Id.* at 1303 ("In short, 'a losing litigant deserves no rematch after a defeat fairly suffered.'").

The statute's plain text belies AIG's contention that federal courts have a "special obligation" to decide issues under the Securities Act (Opp. at 2). "Since its passage, state and federal courts have had concurrent jurisdiction over claims brought pursuant to the Securities Act. 15 U.S.C. § 77v." *Pac. Inv. Mgmt.*, 2015 WL 3631833, at *5. Courts in the Second Circuit and

throughout the nation have repeatedly recognized that state judiciaries are competent to resolve Securities Act claims. *See, e.g.*, *Allstate Ins. Co. v. CitiMortgage, Inc.*, 2012 WL 967582, at *7 (S.D.N.Y. Mar. 13, 2012) ("These claims under the 1933 Act may not be removed to federal court and are regularly resolved by state courts."); *Luther*, 2009 WL 3271368, at *3 (state judiciaries are "entrusted, in the same way as the lower federal courts, to decide issues" impacting Securities Act claims).

AIG's claim that *Nat'l Cancer Center* and *Topp-Cola* did not involve a federal question (Opp. at 10-11) fails: a declaratory judgment action cannot be used to skirt the removal statutes, regardless of whether the underlying claims arise under federal or state law. *See, e.g.*, *Gates Const. Corp. v. Koschak*, 792 F. Supp. 334, 337 (S.D.N.Y. 1992) (declining to exercise jurisdiction where declaratory judgment action "would enable defendant to circumvent" removal bar under the federal Jones Act); *Transoceanic Cable Ship Co. v. Psomostithis*, 1999 WL 562101, at *2 (S.D.N.Y. Aug. 2, 1999) (same).

Relying on *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 105 (2d Cir. 2012), AIG claims that federal courts have a "special obligation to decide questions of federal law through declaratory judgment actions" (Opp. at 11). But *Mohawk Power* made no such pronouncement. Instead, the Second Circuit's decision to exercise jurisdiction over the declaratory judgment action was driven by fractured state court proceedings and delay. In particular, the underlying state court litigation, which involved both state and federal constitutional claims, "ha[d] been languishing in state court for years." *Mohawk Power Corp.*, 673 F.3d at 103. As the Second Circuit noted, "[e]ven the decision whether to consolidate the actions into one has remained pending for more than three years," "leaving the parties disputing the same issues in twenty separate actions in three separate state courts." *Id.* at 102-103. Based on those facts, the

Second Circuit concluded that "the pace of the parallel litigation in New York state court has not adequately protected [plaintiff's] federal rights and has offered no prospect of a 'complete and prompt' resolution of the dispute." *Id*. Those facts are not present here.

Neither *Youell v. Exxon Corp.*, 74 F. 3d 373, 376 (2d Cir. 1996) nor *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556 (2d Cir. 1991), support AIG's contention. In *Yoell*, the declaratory judgment action involved "a novel issue of federal admiralty law" for which federal courts have **exclusive** jurisdiction. *Youell*, 74 F.3d at 375; *see* 28 U.S.C.A. § 1333(1) (providing that in "[a]ny civil case of admiralty or maritime jurisdiction," federal district courts have "original jurisdiction, exclusive of the courts of the States"). Similarly, in *Kidder*, the Second Circuit affirmed a judgment declaring the plaintiff not liable under the Securities Exchange Act for which Congress gave the federal courts "**exclusive** jurisdiction." 15 U.S.C. § 78aa. Significantly, the *Kidder* court reversed on comity grounds the district court's decision to adjudicate questions of state law being litigated in state court, reasoning that these were issues "that the Texas court could capably and competently decide" and that "judicial economy" cannot trump a plaintiff's "choice of forum." 925 F.2d at 564.

Finally, the timeliness question is not "novel."[2] A large body of case law exists regarding class action "tolling" of statutes of repose, including the Securities Act, statute of repose. In addition to the Second Circuit's decision in *Police and Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc.,* 721 F.3d 95 (2d Cir. 2013) and its progeny, and the Tenth Circuit's decision in *Joseph v. Wiles*, 223 F.3d 1155, 1167-68 (10th Cir. 2000) and its progeny, numerous courts, treatises, and legal scholars have analyzed and written on this issue. *See* MSJ Opp. at 11-20; *see,*

---

[2] AIG's "novelty" assertion is disingenuous given its assertion in its summary judgment papers that the relevant law is "crystal clear." *See* MSJ at 1.

5

*e.g.*, *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 534 (9th Cir. 2011) (surveying federal court opinions applying *American Pipe* to the Securities Act's statute of repose). The California state court is capable of reviewing the relevant case law and applying it to PIMCO's Securities Act claim, as the state judiciaries have regularly done for decades.[3] There is no "novel" question of federal law requiring this Court's "special expertise." *See* Opp. at 12. AIG would simply prefer that this Court decide the timeliness issue, a preference it is not entitled to.

### III. THE SECOND CIRCUIT'S FIVE-FACTOR TEST MANDATES DISMISSAL

The Second Circuit applies a five-factor test to evaluate whether exercise of jurisdiction in declaratory judgment matters is proper:

> (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; . . . (2) whether a judgment would finalize the controversy and offer relief from uncertainty . . . ([3]) whether the proposed remedy is being used merely for "procedural fencing" or a "race to *res judicata*"; ([4]) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and ([5]) whether there is a better or more effective remedy.

---

[3] *See, e.g.*, *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1597 (2008) (determining timeliness of Securities Act claim); *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 249 (2007) (same); *Sagehorn v. Engle*, 141 Cal. App. 4th 452, 464 (2006) (same); *Hromyak v. Tyco Int'l Ltd.*, 942 So. 2d 1022, 1023 (Fla. Dist. Ct. App. 2006) (same, including under *American Pipe*); *Ord v. AmFirst Inv. Servs.*, 14 Neb. App. 97, 109 (2005), *overruled on different ground by Knights of Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317 (2010) (determining timeliness of Securities Act, Exchange Act, and Investment Adviser's Act claims under the relevant statute of repose); *Levin v. Kilborn*, 756 A.2d 169, 172 (R.I. 2000) (determining timeliness of Securities Act claim); *Van de Walle v. Salomon Bros.*, 733 A.2d 312, 320 (Del. Ch. 1998) (same) *aff'd*, 734 A.2d 160 (Del. 1999); *Hendricks v. Thornton*, 973 S.W.2d 348, 366 (Tex. App. 1998) (same); *First Interstate Bank of Denver, N.A. v. Cent. Bank & Trust Co. of Denver*, 937 P.2d 855, 863 (Colo. App. 1996) (same, including under statute of repose); *Takiguchi v. Podorean*, 1987 WL 256442, at *6 (Haw. Cir. Ct. July 7, 1987) (same); *Knoell v. Huff*, 395 N.W.2d 749, 756 (1986) (same, including under statute of repose); *Isaacson v. Slote*, 301 N.Y.S.2d 336, 340 (Sup. Ct. 1969) (trial held to determine timeliness of Securities Act claims under statute of repose).

*See Dow Jones & Co. Inc. v. Harrods Ltd.*, 346 F.3d 357, 359-60 (2nd Cir. 2003) (endorsing the five-factor test); *Obal v. Deutsche Bank Nat'l Trust Co.*, 2015 WL 631404, at *6 (S.D.N.Y. Feb. 13, 2015) (applying five-factor test).  As established in PIMCO's moving papers, each of these five factors weighs heavily in favor of dismissal.  Mot. at 10-21.

AIG largely ignores the *Dow Jones* factors.  For example, in purporting to address the "useful purpose" factor, AIG's contention that a declaratory judgment would "eliminate 'uncertainty' by resolving a dispute between the parties" is nonsensical.  Opp. at 2, 15.  All litigation involves uncertainty.  Under AIG's theory, issue-by-issue declaratory judgments would be appropriate in every litigation.  Parallel proceedings and piecemeal litigation are disfavored under the Declaratory Judgment Act.  Courts firmly reject the use of the Declaratory Judgment Act to circumvent the jurisdiction and holdings of other courts, or to bring an affirmative defense which can be asserted in pending litigation.  Mot. at 11-13 (collecting cases).  The "uncertainty" declaratory judgment actions are intended to address concerns the ***threat*** of litigation – generally, where a party has a concrete dispute but is uncertain of its legal rights and does not want to wish to expose itself to liability while waiting to be sued.[4]  Here, the challenged conduct occurred years ago and PIMCO already filed suit against AIG.

---

[4] *Id.* at 8, 11, 13-15.  AIG's reliance on *Carlin Equities Corp. v. Offman*, 2008 WL 4387328, at *11 (S.D.N.Y. Sept. 24, 2008), *In re United Ins. Mgmt., Inc.*, 14 F.3d 1380, 1384 (9th Cir. 1994), *Fort Knox Music, Inc. v. Baptiste*, 47 F. Supp. 2d 481, 485 (S.D.N.Y. 1999), and *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) is misplaced.  These declaratory judgments all concerned "threatened" litigation, not litigation already pending in a coercive action in another forum.  *Bruh v. Bessemer Venture Partners III L.P.*, 2005 WL 2087803, at *1 (S.D.N.Y. Aug. 29, 2005) is equally unavailing because the declaratory judgment was a counterclaim brought in the same case, before the same court, and resolution of the plaintiff's damages claim would resolve the defendants' counterclaim.

Next, AIG admits this action constitutes improper "procedural fencing" and a "race to *res judicata*" as AIG believes this is a more favorable forum. *See* Opp. at 1, 14, 15-16; MSJ at 1-2, 9-14. Indeed, AIG concedes that its declaratory judgment complaint was a hedge against Judge Carter's June 10 Order. *See* Opp. at 14 ("PIMCO's entire argument . . . depends on an incorrect premise: that the California state court has jurisdiction over PIMCO's claims. It does not. As this Court is well aware, the case law in the SDNY likely would have prevented any remand.").

In response to the serious comity and federalism concerns, AIG points out that Judge Moss has not yet determined AIG's stay motion or the timeliness issue. But rulings on both these issues are forthcoming. Preempting Judge Moss's determination of these issues would not only "increase friction" with the California Action, it would undermine Judge Moss's jurisdiction and "improperly encroach" on his ability to decide the timeliness issue in the first instance. Comity concerns are present at the federal level too, as a declaratory judgment would increase friction with the Central District of California and improperly encroach on Judge Carter's June 10 Order – another point AIG concedes.

Nor did PIMCO win a "race to state court," as AIG claims. The underlying Class Action was brought more than seven years ago. PIMCO remained in the Class until a settlement was reached. PIMCO exercised its constitutional right to opt out of the Class. Nearly four months elapsed before PIMCO re-filed its individual claims in California state court. There was no "race to state court."

Finally, AIG provides no legitimate response why a declaratory judgment would provide a "better or more effective remedy" than available in the California Action. Nor can it. "The scope of the California suit is such that resolution there will . . . resolve the issues here." *Managing Directors'*, 2015 WL 2130876, at *6 (dismissing declaratory judgment complaint in favor of

8

pending California state court case). Only the California Action can adjudicate *all* of the parties' rights in a single proceeding. *See* Mot. at 20.

AIG's "efficiency" argument (Opp. at 18-19) ignores the fact that the other opt out actions are pending before a *different* judge who *declined* to find this action related, and involve plaintiffs who opted out before the Class was certified – creating a distinct framework for analyzing the timeliness of their claims.[5] Moreover, AIG erroneously assumes that (1) AIG has already prevailed on its motions to dismiss before Judge Swain (in fact, those motions are still pending and there are no hearing dates set), and (2) this Court will reach the same result as Judge Swain, before Judge Moss determines the same issue.[6] The only "equity" and "efficiency" AIG seeks is its choice of forum – a choice AIG is not entitled to.

Finally, AIG's invented test – which court is the "proper and most appropriate forum" based on "equitable, prudential, and policy" considerations should be rejected. Opp. at 1, 10, 18-19. AIG's own authority recognizes that the Court's discretion must be exercised in accordance with the established five-factor test. *See Niagara Mohawk*, 673 F.3d at 105 ("Here, there is no indication that the district court applied these factors . . . ."). While equitable, prudential, and policy considerations may guide the Court's exercise of discretion, they cannot supplant the governing five-factor test. In any event, such considerations do not favor using the Declaratory Judgment Act for "re-argument" of a settled issue. Nor does equity favor depriving an injured

---

[5] *See* MSJ Opp. at 11-20. The purported "nexus" of PIMCO's claims to New York (including the location of AIG witnesses, sources of proof, etc.) is irrelevant. As AIG admits, this action involves a pure question of law.

[6] AIG's attempt to portray the California state court as inclined to grant a stay is wrong. Judge Moss expressed ***no opinion*** on the merits of AIG's stay motion. Tellingly, Judge Moss stated that if he denies a stay, the timeliness issue would be the ***first substantive issue*** the state court would consider.

9

party of its choice of forum, or permitting a tortfeasor to decide where it can be sued and what law must govern.  *See* Mot. at 16-17.

## IV. CONCLUSION

The Court should dismiss AIG's Complaint with prejudice.

Dated: August 14, 2015                             Respectfully submitted,

                                                   BERNSTEIN LITOWITZ BERGER
                                                     & GROSSMANN LLP

                                                    */s/ Timothy A. DeLange*
                                                       TIMOTHY A. DeLANGE

                                                   BLAIR A. NICHOLAS (*pro hac vice*)
                                                   TIMOTHY A. DeLANGE (*pro hac vice*)
                                                   DAVID R. KAPLAN (*pro hac vice*)
                                                   LUCAS E. GILMORE (*pro hac vice*))
                                                   BRANDON MARSH (*pro hac vice*)
                                                   12481 High Bluff Drive, Suite 300
                                                   San Diego, CA 92130
                                                   Tel:    (858) 793-0070
                                                   Fax:    (858) 793-0323

                                                           - and-

                                                   JEROEN VAN KWAWEGEN (JV-1010)
                                                   1285 Avenue of the Americas, 38th Floor
                                                   New York, NY 10019
                                                   Tel:    (212) 554-1400
                                                   Fax:    (212) 554-1444

                                                   *Counsel for PIMCO LLC and the PIMCO Funds*