```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                              :
AMERICAN INTERNATIONAL GROUP,                 :
INC.,                                         :
                                              :
                         Plaintiff,           :       15 Civ. 3339 (PAC)
                                              :
        -against-                             :
                                              :       OPINION & ORDER
PACIFIC INVESTMENT MANAGEMENT                 :
COMPANY LLC, et al.,                          :
                                              :
                         Defendants.          :
                                              :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-18-16

HONORABLE PAUL A. CROTTY, United States District Judge:

In December 2014, Pacific Investment Management Company LLC and sixty-three related investment funds (collectively "PIMCO") opted out of a class action settlement with American International Group, Inc. ("AIG") premised on alleged misstatements and omissions by AIG between March 2006 and September 2008 regarding its exposure to risk in the sub-prime mortgage market. *In re Am. Int'l Grp., Inc. 2008 Sec. Litig.*, 08 cv 4772 (LTS) (DCF) (S.D.N.Y.). On March 27, 2015, PIMCO brought an individual action against AIG in California state court, alleging a violation of Section 11 of the Securities Act of 1933 based on substantially the same factual allegations. *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No. 30-2015-00779738-CU-SL-CXC (Cal. Sup. Ct. Orange Cty.). One month later, on April 29, 2015, AIG brought this action against PIMCO under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that PIMCO's Section 11 claim is time-barred.

AIG moves for summary judgment, arguing that PIMCO's Securities Act claim is untimely as a matter of law and that this Court should exercise its discretion to so declare.

PIMCO moves to dismiss, contending that the Court should not exercise jurisdiction given the ongoing adjudication of the first-filed, underlying dispute in California state court. The Court declines to exercise discretionary jurisdiction, GRANTS PIMCO's motion to dismiss, and DENIES AIG's motion for summary judgment as moot.

## BACKGROUND

Beginning in May 2008, several class action complaints were filed against AIG on behalf of purchasers of AIG securities, alleging misstatements and omissions regarding AIG's exposure to the sub-prime mortgage market. *See Kuwait Inv. Office v. Am. Int'l Grp., Inc.*, No. 11 cv 8403 (LTS), 2015 WL 5294784, at *2 (S.D.N.Y. Sept. 10, 2015). In March 2009, the cases were consolidated before Judge Laura T. Swain as *In re American International Group, Inc. 2008 Securities Litigation*, No. 08 cv 4772 (LTS) (KNF). *Id.* On October 7, 2014, Judge Swain provisionally certified a settlement-only class. *Id.* In the subsequent months, PIMCO and several other putative class members opted out of the class settlement. *Id.* On March 20, 2015, Judge Swain granted final approval of the class settlement. *Id.*

Nine class settlement opt-outs brought individual actions in federal court in the Southern District of New York, which were consolidated before Judge Swain. *Id.* On March 27, 2015, PIMCO, which is headquartered in Orange County, California, sued AIG in Orange County Superior Court. No. 30-2015-00779738-CU-SL-CXC (Cal. Sup. Ct. Orange Cty.). PIMCO claimed that AIG violated Section 11 of the Securities Act based on alleged misstatements and omissions in AIG's public filings for offerings between October 2006 and May 2008.

On April 29, 2015, AIG filed this action, seeking a declaration that "PIMCO's Section 11 claims based on offerings of AIG securities between October 18, 2006 and May 12, 2008 are time-barred by Section 13 of the Securities Act." Compl. ¶ 34. On May 4, 2015, Judge Swain

2

declined to accept the case as related to the other individual opt-out actions.

On April 30, 2015, one day after filing the complaint in this Court, AIG removed the California state action to federal court in the Central District of California. *See Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp. Inc.*, No. cv 15-0687 (DOC), 2015 WL 3631833, at *2 (C.D. Cal. June 10, 2015). On PIMCO's motion to remand to state court, AIG countered by moving to transfer the case to the Southern District of New York. *Id.* at *1. On May 27, 2015, while those motions were pending, this Court held a pre-motion conference, at which AIG sought leave to move for summary judgment on its declaratory judgment claim and PIMCO sought leave to move to dismiss. *See* Transcript of Proceedings, Dkt. 21. The Court held that parties should move only after resolution of the motions in California federal court. *Id.* at 11-12.

On June 10, 2015, Judge David O. Carter of the Central District of California granted PIMCO's motion to remand to California state court and denied AIG's motion to transfer as moot. 2015 WL 3631833. The Court held that Section 22(a) of the Securities Act bars removal of PIMCO's Securities Act claim, rejecting the application of an exception in the Private Securities Litigation Reform Act of 1995 that permits removal where the action contains state law claims. *Id.* at *7-8.

On July 10, 2015, the parties filed their cross-motions in this Court. Dkt. 29, 33. AIG continued its barrage of procedural motions in California state courts, however, and this Court, at the request of the parties, terminated the cross-motions pending resolution of the California motions. Dkt. 49. On September 18, 2015, Judge Robert J. Moss of Orange County Superior Court denied AIG's motion to stay for *forum non conveniens*. *See* Dkt. 48. On January 28, 2016, the California Court of Appeal, Fourth Appellate District, denied AIG's petition for a writ of mandate; and on March 30, 2016, the California Supreme Court denied AIG's petition for

review. *See* Dkt. 50, 51. The Court then reinstated the cross-motions, which are now ripe for resolution.[1] Dkt. 53.

## DISCUSSION

### I. Applicable Law

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Courts have consistently interpreted this permissive language as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). Courts in this circuit consider five factors to guide the exercise of discretion in Declaratory Judgment Act cases: (i) "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved"; (ii) "whether a judgment would finalize the controversy and offer relief from uncertainty"; (iii) "whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to *res judicata*'"; (iv) "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court"; and (v) "whether there is a better or more effective remedy." *Id.* at 359-60.

### II. Analysis

The Court has considered the five factors described above, all of which weigh against the exercise of discretionary jurisdiction.

---

[1] Also of some relevance is Judge Swain's ruling of September 10, 2015, in which she dismissed the consolidated opt-out actions' Section 11 claims as untimely—the same ground on which AIG seeks declaratory relief here. *Kuwait*, 2015 WL 5294784, at *8-9.

*First*, declaratory judgment would not serve a useful purpose because there is an earlier-filed pending California state case on the merits. *See Luther v. Countrywide Fin. Corp.*, No. 09 cv 6162 (MRP), 2009 WL 3271368, at *3 (C.D. Cal. Oct. 9, 2009) ("[D]eclaratory judgment would serve no useful purpose because these parties have a case on the merits in the state forum."); *Gates Constr. Corp. v. Koschak*, 792 F. Supp. 334, 336 (S.D.N.Y. 1992) ("[O]ne basis for declining to hear a declaratory judgment action is the existence of a pending action in another court that will resolve the controversies between the parties."). The Court will not engage in piecemeal resolution of an affirmative defense that is being resolved in the context of the larger dispute in another forum. *See Allen v. The Stephan Co.*, No. 96 cv 536 (JFK), 1996 WL 551708, at *3 (S.D.N.Y. Sept. 26, 1996) ("[T]he function of the federal declaratory action [is not] merely to anticipate a defense that otherwise could be presented in a state action."); *Horowitz v. Am. Int'l Grp., Inc.*, No. 09 cv 7312 (PAC), 2010 WL 3825737, at *10 (S.D.N.Y. Sept. 30, 2010) ("Courts have broad discretion to dismiss redundant declaratory judgment claims.").

*Second*, declaratory judgment would not provide relief from uncertainty. The purpose of the Declaratory Judgment Act is to provide an avenue for "parties who [are] uncertain of their rights [to] adjudicate their claims without first engaging in dubious conduct." *Penguin Books USA Inc. v. Walsh*, 929 F.2d 69, 72 (2d Cir. 1991); *see also Topp-Cola Co. v. The Coca-Cola Co.*, 314 F.2d 124, 126 (2d Cir. 1963) (explaining that declaratory relief is warranted where the plaintiff "is threatened with legal proceedings but does not know when or where the blow will fall"). The alleged illegal conduct here occurred over seven years ago, and AIG has already been sued for that conduct—in an action filed *before* AIG sought declaratory relief. AIG has raised the timeliness defense before the California court, and there is no reason to believe the issue will not be promptly ruled on. *See* Dkt. 54.

5

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84 (2d Cir. 2012), is of no help to AIG. There, the Second Circuit held that a district court abused its discretion by dismissing a declaratory judgment action where the parallel state action had "been languishing in state court for years"—including a years-old motion to consolidate— "leaving the parties disputing the same issues in twenty separate actions in three separate state courts." *Id.* at 103. Here, in contrast, there is every reason to believe the dispute will be expeditiously resolved in the California court, providing the parties the "complete and prompt resolution of the dispute" that the *Niagara Mohawk* parties had been denied. *Id.*

Nor will declaratory judgment bring finality. A judgment in AIG's favor here will likely result in further litigation in California over the applicability of a federal district court ruling in an out-of-circuit state court. A judgment in PIMCO's favor will resolve a single affirmative defense, leaving the larger dispute unresolved.

*Third*, this action smacks of "procedural fencing" and a "race to *res judicata*." AIG seeks to take advantage of Second Circuit law (binding on this Court, but not the California state court) holding that the Securities Act period of repose cannot be tolled. *See Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013). The law on that issue in the Ninth Circuit, which the California state court would presumably apply, is unsettled. *See Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 535 (9th Cir. 2011). The Court cannot countenance AIG's attempt to use a declaratory judgment action as a means to gain the benefit of a more favorable forum. *See John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, No. 11 cv 5453 (CM), 2011 WL 5245192, at *8 (S.D.N.Y. Nov. 2, 2011) (dismissing a declaratory judgment action where plaintiff filed first in an attempt to take advantage of more favorable Second Circuit law); *Nat'l Union Fire Ins. Co. v. Int'l Wire Grp., Inc.*, No. 02 cv 10338 (SAS), 2003 WL 21277114, at *6

(S.D.N.Y. June 2, 2003) ("Courts in the Second Circuit have repeatedly refused to exercise jurisdiction over declaratory actions motivated by a desire to wrest the choice of forum from the real plaintiff."). Finally, adjudicating the declaratory judgment action would impermissibly circumvent Judge Carter's ruling that removal was improper by providing a rear entrance into federal court. *See Nat'l Cancer Hosp. of Am. v. Webster*, 251 F.2d 466, 468 (2d Cir. 1958) ("A defendant's right of access to a federal court in an action brought against him can be asserted only be removal"; a declaratory judgment action "is not the equivalent of a removal").

*Fourth*, declaratory judgment would undermine principles of federalism and comity by needlessly intruding on the state court's jurisdiction to resolve the dispute. AIG makes much of the fact that the underlying dispute involves a question of federal law. But the Securities Act expressly authorizes state court jurisdiction, 15 U.S.C. § 77v, and Judge Carter has already held that California state court has jurisdiction over PIMCO's claim; and that it was *improper* for AIG to remove to federal court. 2015 WL 3631833, at *6-7. For those reasons, the present circumstances are readily distinguishable from cases cited by AIG in which the issue raised in the declaratory judgment action was one of *exclusive* federal jurisdiction. *See Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991) (affirming declaratory judgment for an Exchange Act of 1934 claim, over which federal courts have exclusive jurisdiction). Nor does this case present "novel questions of federal law," which may warrant federal court resolution. *Youell v. Exxon Corp.*, 74 F.3d 373, 376 (2d Cir. 1996). The question of whether the Securities Act statute of repose can be tolled has been extensively analyzed in federal courts throughout the country. *See North Sound Capital LLC v. Merck & Co., Inc.*, No. 3:13 cv 7240 (FLW), 2015 WL 5055769, at *7 n.12 (D.N.J. Aug. 26, 2015) (collecting cases).

*Fifth*, and finally, there is a simpler, better and more effective remedy than a declaratory

judgment action: allowing AIG's timeliness defense to be resolved in the first-filed underlying litigation in California state court. *See Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 312 (S.D.N.Y. 2010) ("[T]here is a 'better or more effective remedy' than a declaratory judgment action—specifically, the underlying litigation itself.").

AIG elides the five *Dow Jones* factors and instead focuses on "equitable, prudential, and policy" considerations. Dkt. 37 at 18 (quoting *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007)). AIG contends that resolution of the timeliness defense here would result in "maximum efficiency" because the other opt-out claims were filed in this district and Judge Swain has since applied *Indymac* in dismissing those claims as untimely. *See Kuwait*, 2015 WL 5294784, at *8-9.

Efficiency alone, however, does not tip the balance in AIG's favor. The Court is bound to apply the *Dow Jones* factors, all of which weigh against exercising jurisdiction. *See Niagara Mohawk*, 673 F.3d at 105 (reversing as abuse of discretion where the district court did not apply the *Dow Jones* factors). And PIMCO, as the first-filed and true Plaintiff seeking relief under the Securities Act, is entitled to bring its claim in its chosen forum. *See Cephalon, Inc. v. Travelers Co., Inc.*, 935 F. Supp. 2d 609, 613 (S.D.N.Y. 2013) ("[W]here there are two competing lawsuits, the first filed suit should have priority in order to avoid duplicative litigation and honor the plaintiff's choice of forum."). After extensive litigation, it is clear that PIMCO's chosen forum (where it is headquartered) is suitable for the resolution of the dispute. Those considerations warrant dismissal.

## CONCLUSION

The Court declines to exercise discretionary jurisdiction and GRANTS PIMCO's motion to dismiss. The Court DENIES AIG's motion for summary judgment as moot. The Clerk is directed to enter judgment for Defendants and terminate 15 cv 3339.

Dated: New York, New York
April 18, 2016

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge